## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NAPOLEON STEPHANY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 19-CV-3140** |
| | : | |
| **THE DEPARTMENT OF** | : | |
| **CORRECTIONS, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM

**RUFE, J.** ~~AUGUST~~ September 4, 2019

Plaintiff Napoleon Stephany, a prisoner currently incarcerated at SCI Waymart, filed this civil action pursuant to 42 U.S.C. § 1983 along with a motion for leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Stephany leave to proceed *in forma pauperis* and dismiss the Complaint with prejudice because the claims are clearly time barred.

## I.    FACTS[1]

Stephany alleges that on January 17, 2016, while incarcerated at SCI Camp Hill, he experienced stress. (ECF No. 2 at 3.) The next day, he was taken to the prison medical department and was seen by an unidentified nurse. (*Id.*) He was placed in a psychological observation cell without any explanation and his clothing was cut off. He was given a smock to wear. (*Id.*) An unidentified person took his vital signs then, using a device pointed at his eyes, shocked his eyes with it, causing him to become dazed. (*Id.*) He began to hear voices he had never heard before. (*Id.*)

---

[1] The allegations are taken from Stephany's Complaint. (*See* ECF No. 2.)

Stephany began to experience other issues as a result of this occurrence, including stress and depression. (*Id.* at 4.) A few days later he was transferred to a special observation unit where he continued to suffer from stress and hear voices and noises he believed were coming from a "mirror globe" — apparently a plastic enclosure for a camera in the cell. (*Id.*) He began to bang on this mirror globe and cut his hand. (*Id.*) He was again taken to psychological observation cell, escorted by several correctional officials. (*Id.*) While en route, a lieutenant instructed another official to hit Stephany with a metal shock stick and he experienced a shock to the back of his head. (*Id.*) His injury was photographed, and he remained in the psychological observation cell for one week. (*Id.*) While there, he wrote a statement about his treatment and claimed that officials were using an illegal neurotransmitter apparatus on him. (*Id.*)

Stephany lists the Department of Corrections, SCI Camp Hill medical staff, and SCI Camp Hill psychology staff as Defendants in the caption of his Complaint. (*Id.* at 3.) Although not listed in the caption, Stephany recites that Lt. Wall, Lt. Banks, Lt. Bisco and Lt. (now Captain) Stinebouer were involved in the shock stick incident. (*Id.* at 4.) Stephany sues these defendants for violating his Fourth Amendment right to be secure in his person. (*Id.*)

## II. STANDARD OF REVIEW

The Court grants Stephany leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

---

[2] However, as Stephany is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Stephany is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

The vehicle by which a plaintiff may sue in federal court for a violation of his constitutional rights is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the limitations period applicable to Stephany's § 1983 claim is two years.

In Pennsylvania, however, the discovery rule may operate to delay the running of the statute of limitations in certain circumstances. *Nicolaou v. Martin*, 195 A.3d 880, 892 (Pa. 2018) ("the discovery rule tolls the statute of limitations where the plaintiff is reasonably unaware that he has been injured and that his injury has been caused by another party's conduct") (citing *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005)). "As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of

3

reasonable diligence, to know that he is injured and by what cause." *Fine*, at 859. "The reasonable diligence standard is objective, as the question is not what the plaintiff actually knew of the injury or its cause, but what he might have known by exercising the diligence required by law." *Nicolaou*, 195 A.3d at 893. *Id.* (citations omitted). However, "the objective reasonable diligence standard is 'sufficiently flexible . . . to take into account the differences between persons and their capacity to meet certain situations and the circumstances confronting them at the time in question.'" *Id.* (quoting *Fine*, 870 A.2d at 858).

Whether or not Pennsylvania's discovery rule applies in a given case is a question of fact. *Id.*; *Gleason v. Borough of Moosic*, 15 A.3d 479, 485 (Pa. 2011). As such, it is properly a question for the jury unless no reasonable juror could find otherwise. *Fine*, 870 A.2d at 858-59. "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

Because the statute of limitations defense is apparent on the face of Stephany's complaint, it is subject to dismissal pursuant to § 1915(e)(2)(B)(ii). All of Stephany's allegations concern events that occurred in January 2016. Stephany did not file this action until July 18, 2019, well beyond the two year limitations period. The allegations also make clear that, despite his mental health issues, Stephany was aware that he had been injured and that his injury was caused by another party's conduct at the time the incident occurred in January 2016.[3]

---

[3] There is no basis for tolling here. Although the limitations period is tolled during the time it takes a prisoner to exhaust administrative remedies, *see Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015), Stephany would not be entitled to toll the limitations period for one year and seven months on that basis. *See Shifflett v. Korszniak*, No. 17-2676, 2019 WL 3772104, at *7 (3d Cir. Aug. 12, 2019) (describing 15 day time period for prison officials to respond to grievance as part of exhaustion of administrative remedies).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Stephany's Complaint with prejudice

because his claims are clearly time barred. An appropriate Order follows.

**BY THE COURT:**

**CYNTHIA M. RUFE, J.**